FILED
APR 1 1 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID MOLESKI,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.

Civil Action No. 18-0309 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis*, his *pro se* complaint, and motion for judgment on the pleadings.[1] According to the plaintiff, the United States Department of Justice, every federal judge and magistrate judge, and every federal prosecutor involved in his criminal case and every post-conviction proceeding is a conspirator whose racketeering activity violates the RICO statute, *see* 18 U.S.C. § 1961 *et seq*. Among other relief, the plaintiff demands a judgment deeming him actually innocent of the crimes for which he has been convicted and damages of $15 million per day.[2]

Each judge enjoys absolute immunity from a suit based on actions taken in his or her judicial capacity. *See Forrester v. White*, 484 U.S. 219, 225 (1988); *Sindram v. Suda*, 986 F.2d

---

[1] Also before the Court is Plaintiff's Request to Correct the Record Regarding Filing of Complaint for Racketeering. Plaintiff presumes that the Clerk of Court refused to file his complaint. The motion is denied as moot. The original complaint bears a date stamp indicating that the Clerk of Court received it on January 25, 2018, ECF No. 1 at 1, and the first entry on the CM/ECF docket reads, "Initiating Pleading & IFP Application Received on 01/25/2018." The Court proceeds as if the complaint had been filed on the date of its receipt.

[2] "[O]n January 31, 2013, a nineteen-count superseding indictment charged Moleski with, *inter alia*, twelve counts of mail fraud in violation of 18 U.S.C. §§ 1341 and 2." *United States v. Moleski*, 641 F. App'x 172, 174 (3d Cir. 2016) (footnote omitted). A "jury found Moleski guilty of all nineteen counts, and the Court sentenced him to four and a half years' imprisonment and five years of supervised release." *Id.* at 175.

1459, 1460 (D.C. Cir. 1993).  Similarly, prosecutors acting within the scope of their duties enjoy immunity from suit.  *See Imbler v. Patchman*, 424 U.S. 409, 427 (1976).  Insofar as the plaintiff sues a federal government entity, or the judges and prosecutors in their official capacities, his claim is treated as one against the United States directly, the claim fails because "Congress has not waived the United States' immunity with respect to RICO claims.  *Poole v. Roll*, No. 07-2039, 2008 WL 768728, at *1 (D.D.C. Mar. 20, 2008) (citations omitted).

Insofar as the plaintiff attacks his criminal conviction and sentence, this is not a subject over which the Court has jurisdiction.  Rather, he must proceed in the sentencing court by motion under 28 U.S.C. § 2255.  *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997); *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952); *Simmons v. Beshouri*, No. 06-0380, 2006 WL 751335 (D.D.C. Mar. 23, 2006) (construing plaintiff's claim of conspiracy among prosecutors and judge to deny his constitutional rights as "nothing more than a challenge to his conviction, which he may pursue only by motion to the sentencing court pursuant to 28 U.S.C. § 2255").

The Court will grant the *in forma pauperis* application, dismiss the complaint in its entirety under 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2), and deny the motion for judgment on the pleadings as moot.  An Order is issued separately.

/s/
United States District Judge

DATE: 4/10/18